IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

ANTHONY HARRIS and )
ANGELA DAVIS )
    Plaintiffs, )
) **COMPLAINT**
) Civil Action No. 3:04CV014
v. )
)
WAFFLE HOUSE, INC. and HILLCREST )
FOODS, INC. )
    Defendants. )
_____)

## INTRODUCTION

1. Plaintiffs Anthony Harris and Angela Davis, bring this Complaint against Defendant Waffle House, Inc. ("Franchisor," "Waffle House") and Defendant Hillcrest Foods Inc. ("Franchisee," "Hillcrest") (collectively, "Defendants") on behalf of themselves.

2. This lawsuit arises from Defendant Hillcrest's refusal to serve plaintiffs on the basis of their race, in the Waffle House restaurant located on 3309 Mulberry Church Road ("the Waffle House restaurant," "the Mulberry Church Waffle House") on Monday, January 21, 2002, around 2:30 a.m., and from Waffle House's consent, encouragement, knowledge, and/or ratification of said refusal, carried out within the scope of the franchisor/franchisee and/or agency relationship between Hillcrest and Waffle House and in furtherance of the business of Waffle House.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000a-6.

4. Venue is proper in this Court, pursuant to 28 U.S.C. 1391(b), as defendants reside within this Judicial District.

5. This action arises under the Commerce Clause of the Constitution of the United States, Article One, Section Eight, Clause Three, and under legislation appropriately enacted by the United States Congress to enforce the Thirteenth Amendment to the Constitution of the United States.

## PARTIES

6. Plaintiff Anthony Harris, is an African-American male, a citizen of the United States and a resident of Charlotte, Mecklenburg County, North Carolina.

7. Plaintiff Angela Davis, is an African-American woman, a citizen of the United States and a resident of Charlotte, Mecklenburg County, North Carolina.

8. Defendant Waffle House, Inc. is a Georgia corporation, with its principal place of business in Norcross, Gwinnett County, Georgia. Its corporate headquarters are located at 5986 Financial Drive, Norcross, Georgia. Defendant Waffle House conducts business throughout the United States, with approximately 1,400 restaurants and restaurant franchises in 26 states.

9. Defendant Hillcrest Foods, Inc. is a Georgia corporation doing business in the State of North Carolina. Its corporate headquarters are at 345 Saw Mill Drive, Suwanee, Georgia. Hillcrest Foods, Inc. owns or operates approximately one hundred and twenty-five (125) Waffle House franchises, including the Waffle House Restaurant located at 3309 Mulberry Church Road, Charlotte, North Carolina.

10. Defendant Hillcrest Foods, Inc. is the actual agent and/or apparent agent of Defendant Waffle House, Inc. Defendant Waffle House, Inc., as franchisor, provides Defendant Hillcrest Foods, Inc., by written agreement, the use of the name "Waffle House," the use of the

Waffle House registered trademark and slogans, and other necessary and important items to facilitate the operation and conduct of business at the Charlotte Waffle House. The undisclosed terms of this written agreement also allow Defendant Waffle House, Inc. to exercise certain control over the operation and conduct of business at the Waffle House restaurant.

11. Defendants owned, operated and maintained control over the Mulberry Church Road Waffle House restaurant at all times pertinent to this lawsuit. Defendants committed, authorized, sanctioned, ratified and approved the unlawful policies, action and conduct described and complained of in this Complaint.

## FACTS

12. Plaintiff Davis parked just outside the front door of the Waffle House restaurant. Plaintiffs entered the restaurant to purchase a take-out or "to go" order. They noted that there were several customers there, but that the restaurant was far from full. Three white gentlemen were seated at the counter waiting on "to go" orders to be filled. Plaintiffs placed "to go" orders and waited inside the restaurant. While waiting, plaintiffs stood for 15 minutes and then sat for about 10 minutes in seats against the window. Plaintiffs then decided to wait in Ms. Davis' sports utility vehicle just outside the restaurant's front doors.

13. While plaintiffs were waiting in Ms. Davis' vehicle, they observed four white customers approach the restaurant, get seated in a booth, and have their orders taken by wait staff in the Waffle House restaurant. When plaintiffs observed the four white customers receive meals, they went inside to check the status of their order.

3

14. Mr. Harris approached the waitress, a white woman who appeared to be in her late forties, and asked in a normal tone of voice to the effect that, "What's taking so long for me to get my order. All I ordered was a sandwich."

15. The waitress replied to the effect that, "If you don't want to wait, you can leave, but there are other people ahead of you."

16. Mr. Harris responded in sum, "Well people who came in after us have already gotten their food and left."

17. The waitress replied to the effect that, "If you don't want to wait, you can leave."

18. The uniformed security officer told Mr. Harris that, "It won't be long, they say there are some people in front of you." The cook at the Waffle House restaurant then whispered something to the security officer, which plaintiffs were not able to hear. The security officer then told plaintiffs that they had to leave the restaurant. Ms. Davis walked out of the restaurant.

19. Mr. Harris responded to the security officer that, "This is not customer service, talking like that. I'm a customer." Mr. Harris turned and walked towards the door and out of the restaurant.

20. After Mr. Harris exited the restaurant, the security officer followed him and threatened to take him to jail. Mr. Harris continued to walk towards Ms. Davis' vehicle. The security officer followed Mr. Harris to the jeep, grabbed Mr. Harris' arm, and sprayed pepper spray in his face. The security officer then slammed plaintiff Harris against a minivan parked next to plaintiff Davis' vehicle. Charlotte Mecklenburg Police Department officers arrived within minutes and placed Mr. Harris under arrest.

21. Mr. Harris was charged with second degree trespass (Complaint No. 2002cr203021) and resisting public officer (Complaint 2002CR203022). On March 25, 2002, the charges were dismissed by the Mecklenburg County District Court.

22. In refusing to serve plaintiffs, defendants have denied plaintiffs the right to make and enforce contracts on the same basis as white citizens, in violation of 42 U.S.C. § 1981, and denied plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Waffle House restaurant, on the basis of race, in violation of 42 U.S.C. § 2000a.

## COUNT I
*Violation of 42 U.S.C. § 1981*

22. Plaintiffs reallege and incorporate by reference all preceding paragraphs, as if set forth fully herein.

23. At all times material to this action, plaintiffs, while seeking food and services from defendants, presented themselves in a fit and proper manner, both in terms of dress and conduct.

24. Defendants refused to serve, or otherwise denied, plaintiffs food and services because of their race.

25. At all times relevant to the events described in this Complaint, the waitresses, customer service personnel, supervisor(s), and other employees and agents of defendants were acting within the scope of their employment and were acting in their capacities as employees, agents and/or representatives of defendants.

26. The discriminatory practices described in this Complaint were carried out: (a) at the direction of and with the consent, encouragement, knowledge, and ratification of defendants;

5

(b) under defendants' authority, control and supervision; and/or (c) within the scope of the employees' employment by defendants.

27. Defendants' actions were undertaken intentionally and purposefully, with racially discriminatory animus, for the purpose of denying plaintiffs equal treatment on the basis of their race. Defendants acted maliciously, in bad faith, and with willful, callous, wanton and reckless disregard for plaintiffs' federally protected rights.

28. Defendants treated similarly situated white persons differently from plaintiffs.

29. Defendants' agents and/or employees by both their actions and their omissions initiated and ratified a criminal prosecution of Plaintiff Harris.

30. By the actions described in this Complaint, defendants have denied plaintiffs the same right to make and enforce contracts as is enjoyed by white citizens of the United States, in violation of 42 U.S.C. § 1981.

31. By the actions described in this Complaint, defendants have denied plaintiffs of their right to make, perform, modify and terminate contracts on the same basis as white persons, and deprived plaintiffs of the enjoyment of the benefits, privileges, terms and conditions of a contractual relationship.

32. As a proximate result of the actions of defendants described in this Complaint, plaintiffs have suffered, continue to suffer, and will, in the future, suffer great and irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress and mental anguish.

33. In addition, defendants engage in a pattern and practice of discriminating against African-Americans in the provision of food and services.

34. Defendants knowingly authorize, assist, encourage and condone the discriminatory conduct described in this Complaint by, among other things, managerial authorization of, and participation in, discrimination and otherwise failing to investigate and address adequately numerous occurrences and complaints of discrimination.

## COUNT II
*Violation of 42 U.S.C. § 2000a*

35. Plaintiffs reallege and incorporate by reference all preceding paragraphs, as if set forth fully herein.

36. The Mulberry Church Road Waffle House restaurant is a place of public accommodation within the meaning of 42 U.S.C. § 2000a.

37. The operations of the Mulberry Church Road Waffle House affect commerce within the meaning of 42 U.S.C. § 2000a. The Mulberry Church Road Waffle House serves or offers to serve interstate travelers. A substantial portion of the food which it serves, or other products which it sells, have moved in interstate commerce.

38. Plaintiffs have met all administrative requirements, if any, prior to filing this action.

39. But for defendants' discriminatory practices, plaintiffs could, and would, visit a Waffle House restaurant in the future.

40. Plaintiffs attempted to afford themselves of the full benefits and enjoyment of a public accommodation, but defendants denied plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of a place of public accommodation, on the basis of race, in violation of 42 U.S.C. § 2000a.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that the Court grant them relief as follows:

(a) enter a declaratory judgment finding that the actions of defendants as alleged in this Complaint violated 42 U.S.C. §§ 1981 and 2000a;

(b) enter a permanent injunction barring defendants from continuing to engage in illegally discriminatory conduct against plaintiffs and other African-Americans who might visit a Waffle House restaurant in the future;

(c) enter a permanent injunction directing that defendants take all affirmative steps necessary to remedy the effects of the illegally discriminatory conduct alleged in this Complaint and to prevent repeated occurrences in the future;

(d) award compensatory damages in an amount that would fully compensate plaintiffs for their damages, including but not limited to, humiliation, embarrassment, emotional distress, and mental anguish, caused by defendants' violations of the law as alleged in this Complaint;

(e) award punitive damages to plaintiffs in an amount that would punish defendants for the intentional, malicious, callous, bad faith, willful, wanton and reckless misconduct alleged in this Complaint, and that would effectively deter defendants from future discriminatory behavior;

(f) award plaintiffs their attorneys' fees and costs; and

(g) order all other relief deemed just and equitable by the Court.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable as of right.

Dated: January ___, 2004.

                          For:
                          PLAINTIFF ANTHONY HARRIS
                          PLAINTIFF ANGELA DAVIS

                          By: _____
                          Henderson Hill, NC Bar No. 18563
                          Corie D. Pauling, NC Bar No. 24948
                          FERGUSON, STEIN, CHAMBERS,
                          ADKINS, GRESHAM & SUMTER
                          741 Kenilworth Avenue, Suite 300
                          Charlotte, North Carolina 28204-2828
                          Phone: 704/375-8461
                          Facsimile: 704/334-5654

                          Gerald S. Hartman, DC Bar No. 168484
                          Wendelyn L. Pizer, DC Bar No. 479372
                          DRINKER BIDDLE & REATH LLP
                          1500 K Street, N.W., Suite 1100
                          Washington, DC 20005-1209
                          Phone: 202/842-8800
                          Facsimile: 202/842-8465

                          Thomas J. Barton, Pa. Bar No. 50603
                          DRINKER BIDDLE & REATH LLP
                          One Logan Square
                          18th & Cherry Streets
                          Philadelphia, PA 19103-6996
                          Phone: 215/988-2700
                          Facsimile: 215/988-2757

                          Susan E. Huhta
                          WASHINGTON LAWYERS' COMMITTEE
                          FOR CIVIL RIGHTS AND URBAN AFFAIRS
                          11 Dupont Circle NW, Suite 400
                          Washington DC 20036
                          Phone: 202/319-1000
                          Facsimile: 202/319-1010

                          *Counsel for Plaintiffs*